UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
A.T., an infant by his mother and natural
guardian, CHINA ROGERS
and CHINA ROGERS, Individually,   **Case No.** _____

                 Plaintiff,   **VERIFIED COMPLAINT**

    -against-

UNITED STATES OF AMERICA,
ZAHRA VIRANI, M.D. and STEVENSON
FAMILY HEALTH CENTER,

                Defendants.
------------------------------------------------------------X

The plaintiffs, by their attorneys, SILVER & KELMACHTER, LLP, as and for her Verified Complaint against the defendants, does allege as follows upon information and belief:

## JURISDICTION

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§2671-2680. This Court is vested with jurisdiction pursuant to 28 U.S.C. §1346(b).

## PARTIES

2. That at all times hereinafter mentioned, the plaintiff A.T., an infant by his mother and natural guardian, CHINA ROGERS and CHINA ROGERS, Individually, were and still are residents of the State of New York, County of Bronx.

3. At all times hereinafter mentioned, STEVENSON FAMILY HEALTH CENTER is/was a health care facility located at 731 White Plains Road, Bronx, NY 10473.

4. That at all times hereinafter mentioned, the defendant STEVENSON FAMILY HEALTH CENTER is/was a Federally Qualified Health Center (under the Consolidated Health Center Program) of Section 1905(l)(2)(B) of the Social Security Act.

1

5. At all times hereinafter mentioned, STEVENSON FAMILY HEALTH CENTER was owned, operated, maintained and managed by defendant UNITED STATES OF AMERICA, by its duly authorized representatives.

6. At all times hereinafter mentioned, the physicians, nurses and staff of STEVENSON FAMILY HEALTH CENTER were employees of defendant UNITED STATES OF AMERICA.

7. That at all pertinent times, including from on or about April 10, 2017 and continuing until on or about April 17, 2017 and prior and subsequent thereto, defendant STEVENSON FAMILY HEALTH CENTER did commit tortious acts and/or omissions within the State of New York which subject them to the jurisdiction of this Court.

8. That at all times hereinafter mentioned, the defendant ZAHRA VIRANI, M.D., was a physician duly licensed to practice medicine in the State of New York.

9. That at all times hereinafter mentioned, the defendant ZAHRA VIRANI, M.D., did maintain an office for the practice of medicine at STEVENSON FAMILY HEALTH CENTER located at 731 White Plains Road, Bronx, NY 10473.

10. That at all times hereinafter mentioned, the defendant ZAHRA VIRANI, M.D., was an employee of defendant UNITED STATES OF AMERICA or the other defendant.

**CONDITIONS PRECEDENT TO SUIT**

11. On or about April 13, 2019, Plaintiff presented a claim on behalf of A.T., an infant by his mother and natural guardian, China Rogers and on behalf of China Rogers, Individually, for medical malpractice pursuant to 28 U.S.C. § 2675 to the relevant agency, the U.S. Department of Health and Human Services, which pertained to the subject matter herein.

12. On or about August 22, 2019, the U.S. Department of Health and Human Services denied Plaintiff's claims on behalf of A.T., an infant by his mother and natural guardian, China Rogers and China Rogers, Individually.

13. This action is being commenced within 6 months of the date of denial of Plaintiffs' claims pursuant to 28 U.S.C. § 2401(b).

## AS AND FOR A FIRST CAUSE OF ACTION

14. That from on or about April 10, 2017 and continuing until on or about April 17, 2017 and prior and subsequent thereto, the infant plaintiff, A.T. was a patient of defendant, STEVENSON FAMILY HEALTH CENTER.

15. That from on or about April 10, 2017 and continuing until on or about April 17, 2017 and prior and subsequent thereto, the infant plaintiff, A.T. was a patient of defendant, ZAHRA VIRANI, M.D.

16. At all times hereinafter mentioned, defendant ZAHRA VIRANI, M.D. was acting within the scope of her employment with defendant, UNITED STATES OF AMERICA and/or the other defendant.

17. That from on or about April 10, 2017 and continuing until on or about April 17, 2017 and prior and subsequent thereto, the infant plaintiff, A.T. was examined, treated, tested and evaluated by defendants, UNITED STATES OF AMERICA, ZAHRA VIRANI and STEVENSON FAMILY HEALTH CENTER and came under the care of their doctors, nurses and medical staff and/or those acting on their behalf and was a patient at their facility for the purpose of undergoing medical care.

18. That from on or about April 10, 2017 and continuing until on or about April 17, 2017 and prior and subsequent thereto, defendants, UNITED STATES OF AMERICA and

STEVENSON FAMILY HEALTH CENTER, its agents, servants, employees, including but not limited to defendant, ZAHRA VIRANI, M.D., rendered medical, nursing, diagnostic and other medical care, treatment, evaluation and services to the infant plaintiff, A.T.

19. That from on or about April 10, 2017 and continuing until on or about April 17, 2017 while the infant plaintiff, A.T. was a patient of defendant UNITED STATES OF AMERICA and STEVENSON FAMILY HEALTH CENTER by their duly authorized doctor(s), nurse(s), staff, agents and employees, including but not limited to defendant, ZAHRA VIRANI, M.D., they were negligent, careless, unskillful and committed acts and omissions which constituted medical negligence and medical malpractice in connection with the medical and diagnostic care rendered to the infant plaintiff, A.T., in the following manner: in failing to properly and timely diagnose or detect A.T.'s pyloric stenosis and in causing unreasonable delays in treatment; in failing to timely appreciate and respond to the signs and symptoms which the infant plaintiff exhibited; in causing unreasonable delays in the diagnosis and treatment of the infant plaintiff's pyloric stenosis; in causing delays which permitted the infant plaintiff's pyloric stenosis to progress and become more advanced; in failing to take into consideration the plaintiff's clinical information; in failing to take the proper steps and procedures to determine the condition of plaintiff's stomach and related anatomic structures and tissues; in failing to timely undertake reasonable precautions to protect and maintain the health of plaintiff's stomach and related anatomic structures and tissues; in failing to provide proper medical and diagnostic care and work up; in failing to promptly and timely order, recommend, prescribe and/or arrange for other diagnostic testing of the stomach and in failing to refer plaintiff for specialized care; in failing to treat the plaintiff for his true condition; in rendering medical and/or diagnostic care without the proper skill and safety; in providing poor and substandard medical and diagnostic

care; in failing to timely and appropriately order the necessary and indicated consultations with the appropriate specialists; in failing to recognize the signs and symptoms of pyloric stenosis; in delaying the undertaking of timely, proper and indicated intervention, which led to a significant delay in the inception of treatment and a missed opportunity to initiate treatment at an earlier time when there was a better chance for it to be effective; in ignoring or failing to timely notice, appreciate and/or to act upon the signs and symptoms, which were present at or about the time of plaintiff's treatment; in failing to timely undertake and order, recommend, prescribe and/or arrange for additional diagnostic testing and/or specialized consultations and/or tests, which were indicated under the circumstances; and in failing to adhere to the standards of good and accepted medical practice, care and treatment, which were prevailing in the medical community.

20. That as a direct and proximate result of the medical negligence, medical malpractice and substandard medical treatment of the defendants, UNITED STATES OF AMERICA, STEVENSON FAMILY HEALTH CENTER and ZAHRA VIRANI, m.d. and/or those acting on their behalf, the infant plaintiff, A.T., was caused to sustain severe and permanent personal injuries and complications, of a painful and disabling nature, which caused him to endure conscious pain and suffering, diminished prognosis, hospitalization, physical impairment, great pain, agony, mental anguish, emotional distress and surgical intervention.

21. That as a consequence of the foregoing, the infant plaintiff, A.T. sustained damages and requests an award of money damages in the amount of FIFTEEN MILLION and 00/100 ($15,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL OF THE DEFENDANTS BASED ON SECTION 2805-d OF THE PUBLIC HEALTH LAW

22. The plaintiffs repeat and reallege the entire contents of all of the foregoing paragraphs as if they were more fully set forth herein at length.

23. That as part of the above medical and diagnostic treatment, which was rendered to the infant plaintiff, A.T. by defendants UNITED STATES OF AMERICA, STEVENSON FAMILY HEALTH CENTER and ZAHRA VIRANI, M.D. and and/or those acting on their behalf, the plaintiff alleges a cause of action based upon a lack of informed consent, arising from said defendants' acts and omissions and their failure to comply with what is required by section 2805-d of the Public Health Law of the State of New York.

24. That in connection with the medical and diagnostic treatment rendered to the infant plaintiff, A.T. by defendants UNITED STATES OF AMERICA, STEVENSON FAMILY HEALTH CENTER and ZAHRA VIRANI, M.D. and/or those acting on their behalf, failed to adequately disclose the material risks, benefits, and alternatives to the medical care, which a reasonable medical practitioner/facility under similar circumstances would have disclosed, in a manner permitting the plaintiff to make a knowledgeable evaluation, such that a reasonable prudent person in the plaintiff's position would not have undergone the treatment and/or care had she been so fully informed by the defendants or those acting on their behalf for this purpose.

25. That as a consequence of her not having been given qualitative information to permit reasonable decision making on the topic of the medical and diagnostic care and treatment, the infant plaintiff A.T. was wrongfully deprived of the ability to decide upon and reject his undergoing the care and treatment rendered, and thereby suffered damages and injuries, and the plaintiff therefor has a cause of action against the defendants for the plaintiff being deprived of the ability to render informed consent.

26. That as a direct and proximate result of her lack of informed consent, as a result of the acts and omissions of the defendants and those acting on their behalf, the infant plaintiff A.T., was caused to sustain severe and permanent personal injuries and complications, of a

painful and disabling nature, which caused him to endure conscious pain and suffering, including but not limited to hospitalization, physical impairment, great pain, agony, mental anguish, emotional distress and surgical intervention.

27.     That as a consequence of the foregoing, the infant plaintiff, A.T. sustained damages and requests an award of money damages in the amount of FIVE MILLION and 00/100 ($5,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF CHINA ROGERS AGAINST ALL OF THE DEFENDANTS

28.     The plaintiffs repeat and reallege the entire contents of all of the foregoing paragraphs as if they were more fully set forth herein at length.

29.     That at all times herein stated, the infant plaintiff was a minor and the plaintiff CHINA ROGERS is his mother and natural guardian and did and still does provide for his support and care.

30.     That as a result of the severe injuries which were sustained by the infant plaintiff as a result of the medical malpractice and medical negligence and lack of informed consent of the defendants in causing or permitting the occurrence of the severe injuries and disabilities and complications as is more fully set forth and explained above, CHINA ROGERS as his mother and natural guardian, has and will sustain damages including but not limited to the necessity to provide for and pay for his extraordinary medical care and therapies and associated costs which have been and will in the future be necessitated by his severe injuries, or she has been and will in the future be responsible for the payment of these costs and expenses, and she has been and will be deprived of the services of the infant plaintiff.

31. That the plaintiff, CHINA ROGERS has and will suffer damages as a result of having to incur medical and associated expenses and fees and/or to be responsible for those expenses, for the hospital, medical, surgical, therapeutic, nursing, equipment, supervisory, pharmaceutical, and extraordinary educational care and needs of the infant plaintiff arising from injuries sustained as a result of this medical malpractice and medical negligence.

32. That as a result of the foregoing, the plaintiff CHINA ROGERS has both a direct cause of action and a derivative cause of action against the defendants and has and will sustain damages as a consequence.

33. That as a consequence of the foregoing, the plaintiff, CHINA ROGERS has sustained damages and requests an award of money damages in the amount of FIVE MILLION and 00/100 ($5,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiffs demand that a judgment be entered against the defendants, both jointly and separately, based upon each of the causes of action set forth herein and awarding the plaintiffs the costs and disbursements of this action and granting to the plaintiffs such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
February 3, 2020

Yours, etc.,

SILVER & KELMACHTER, LLP

By: _____
Perry D. Silver, Esq. (PDS7710)
Attorneys for Plaintiff
11 Park Place, Suite 1503
New York, New York 10007
(212) 661-8400

## VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

**PERRY D. SILVER,** an attorney at law, does affirm as follows under the penalties of perjury:

That your affirmant is the attorney for the plaintiff in the within action; your affirmant has read the foregoing **SUMMONS AND COMPLAINT** and knows the contents thereof; that same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true and the reason that this verification is not made by the plaintiff and is made by your affirmant is that the plaintiff does not presently reside in the county where the attorneys for the plaintiff maintains their office, such that the verification can be made by an attorney as per CPLR 3020(d)(3).

Affirmant further says that the source of affirmant's information and the grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are from records and from investigation made on behalf of said plaintiff.

Dated: New York, New York
       February 3, 2020

_____
PERRY S. SILVER